IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PIERRA CHANIER DEAS PLAINTIFF

v. Case No. 4:25-cv-4045

PILGRIM'S PRIDE CORPORATION DEFENDANT

# ORDER

Before the Court is the parties' Joint Motion for Entry of Amended Protective Order. ECF No. 48. The Court previously granted the parties' request for entry of an agreed protective order. ECF No. 29. In the instant motion, the parties seek the entry of their Amended Protective Order (ECF No. 48, at 4–7) to broaden the prior protections and make them inclusive of certain unredacted insurance policies to be disclosed.

Upon review, the Court finds that the instant motion (ECF No. 48) should be and is hereby **GRANTED**. However, the Court finds it necessary to again add language to the Amended Protective Order stating that the parties must seek and obtain the Court's leave prior to filing any material under seal.

The Amended Protective Order is as follows:

1. The Parties have agreed to designate Defendant's insurance policies as confidential. "Confidential Materials" means the following policies, together with all declarations, endorsements, schedules of forms, and related underwriting or financial documentation produced in connection with each such policy:

   a. General Liability Policy No. GLO 9305605-21, issued by Zurich American

Insurance Company to JBS USA Food Company Holdings and its affiliated named insureds, including Pilgrim's Pride Corporation, for the policy period June 1, 2023, to June 1, 2024 (the "Primary Policy");

b. Excess Policy No. B1723UBMCI2350121, issued by AIG Europe S.A. (as to risks located in the European Economic Area) and American International Group UK Limited (as to all other risks, including the United Kingdom) to JBS USA Holding Lux S.à r.l. and its affiliated named insureds, including Pilgrim's Pride Corporation, for the policy period June 1, 2023, to June 1, 2024 (the "Excess Policy"); and

c. Umbrella Policy No. B1723UBMCI2350120, issued by HDI Global SE—UK to JBS USA Holding Lux S.à r.l. and its affiliated named insureds, including Pilgrim's Pride Corporation, for the policy period June 1, 2023, to June 1, 2024 (the "Umbrella Policy").

This protective order applies solely to the Confidential Materials and to no other document, communication, or information produced or exchanged in this litigation.

2. The Confidential Materials shall be used only for the purpose of prosecution, defense, or settlement of this action and for no other purpose.

3. The Confidential Materials produced under this protective order shall be marked "CONFIDENTIAL."

4. Except as otherwise stated in this order, the Confidential Materials may only be disclosed or made available to the Court, to record counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified" persons designated below, each of whom shall be required to read this protective order and agree to abide by its terms

before being given access to the Confidential Materials:

a. Counsel for each party actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

b. Each party to the litigation;

c. Each consultant or expert for any of the parties;

d. The Court and Court personnel;

e. Each court reporter involved in this litigation;

f. To a witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing confidential information will be maintained as confidential as well;

g. All other individuals agreed by the parties in writing, so long as those individuals agree to be bound by this protective order; and

h. All other individuals included by order of the Court.

The parties must seek and obtain the Court's leave prior to filing Confidential materials under seal.

5. In the event of a disclosure of the Confidential Materials in violation of this protective order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party and take immediate action to prevent further disclosure.

6. Within thirty (30) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, any Confidential Materials and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall

be destroyed or returned to the party which produced the documents.

**IT IS SO ORDERED**, this 24th day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge